UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID HAROLD GEARY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>U.S. PAROLE COMMISSION, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>15-12356-FDS |

### ORDER

**SAYLOR, J.**

This matter arises out of a petition for a writ of habeas corpus. In 1978, petitioner David Harold Geary was sentenced to life in prison for raping and murdering a seven-year old girl at Fort Dix, New Jersey. *United States v. Geary*, Crim No. 77-234 (D.N.J.). On January 13, 2011, the Parole Commission released Geary on mandatory parole pursuant to 18 U.S.C. § 4206(d), to remain under parole supervision for the remainder of his sentence. (Respondent's Mot. Dismiss Ex. 2, Docket No. 8).

On June 17, 2015, Geary filed a petition for a writ of habeas corpus. In that petition, Geary wrote that he was "[c]urrently on parole (4 [years] – 6 months) of a 5 year term." (Petition 1, Docket No. 1). He challenged the parole commission's position that he is subject to lifetime parole, "when in fact 28 C.F.R. 2.43 clearly states a 5 [year] term." (*Id.* at 2). In providing more information about the action he is challenging, Geary wrote that he was requesting "early parole." (*Id.*).

On July 6, 2015, respondent filed a motion to dismiss Geary's petition for failure to state a claim. In the motion to dismiss, respondent contends that "Geary alleges that his parole term is five years, and that the Commission incorrectly claims he is on lifetime parole." (Mot. Dismiss, Docket No. 7). It contends that the petition should be dismissed "because Geary is, in fact, on lifetime parole, and because the regulation on which he relies, which will entitle him to an early-termination hearing, will not come into play until Geary has been on parole supervision for five years, in January 2016." (*Id.*).

On July 14, 2015, Geary filed a request to change his habeas request for relief. (Letter, Docket No. 9). Specifically, he requests that the Court "remedy the fact of a lifetime parole, and not for release from parole."

Construing the July 14 letter as a motion to amend the petition, it will be denied as futile. Respondent's motion to dismiss will be granted.

Pursuant to 28 C.F.R. § 2.43, "[f]ive years after releasing a prisoner on supervision, the Commission shall terminate supervision over the parolee unless the Commission determines, after a hearing conducted in accordance with the procedures prescribed in 18 U.S.C. § 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law." 28 C.F.R. § 2.43(c). "If the Commission does not terminate supervision under this paragraph, the parolee may request a hearing annually thereafter, and the Commission shall conduct an early termination hearing at least every two years." *Id.* The regulation mirrors 18 U.S.C. § 4211(c)(1), which provides that "[f]ive years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing . . . that such supervision should not be

terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law." 18 U.S.C. § 4211 (repealed 1984).

As of the date he filed the petition, Geary had not been released on supervision for five years. Therefore, it appears that a petition to reduce the length of his parole to five years is not yet ripe for adjudication. In January 2016, Geary will have been released on supervision for five years. At that time, he is entitled to a hearing, although not automatic termination of parole.

Accordingly, respondent's motion to dismiss is GRANTED, and the petition will be DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  August 7, 2015              United States District Judge